**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNYLVANIA**

LUIS ROSADO,

*Plaintiff*,

vs.

VERSALIFT EAST, LLC,

*Defendant*.

_______________________________________/

Case No. 2:26-cv-8431

**JURY TRIAL DEMANDED**

# COMPLAINT

Now comes the Plaintiff, LUIS ROSADO, by and through his attorneys and for his Complaint against the Defendant, VERSALIFT EAST, LLC, Plaintiff alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for damages and equitable and injunctive relief for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

a. Plaintiff filed a Charge of Discrimination, number 530-2027-00181, with the Equal Employment Opportunity Commission ("EEOC") on October 6, 2026.

b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on October 28, 2026.

**PARTIES**

5. Plaintiff is an individual who at all relevant times resided in Bethlehem, Pennsylvania.

6. On information and belief, Defendant is a corporation of the State of Texas whose principal place of business is located in Bethlehem, Pennsylvania.

7. Plaintiff and Defendant are both "persons" as defined in 42 U.S.C. § 2000e(a).

8. Defendant is an "employer" as defined in 42 U.S.C. § 2000e(b), as, on information and belief, it engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. Plaintiff was an "employee" as defined in 42 U.S.C. § 2000e(f) as he was an individual employed by an employer, the Defendant.

**FACTS**

10. Plaintiff began his employment with Defendant on or about August 14, 2026.

11. Plaintiff's most recent position with Defendant was as a CDL Driver.

12. Plaintiff performed the duties of his jobs to all legitimate expectations during his employment with Defendant.

13. Throughout his employment with Defendant, Plaintiff, a Hispanic man, was regularly exposed to harassment by his coworkers based upon his race.

14. Specifically, Plaintiff's coworkers repeatedly inquired if he was "legal."

15. Plaintiff reported this harassment to the Human Resources department, who advised that it would intervene. However, no intervention occurred and the harassment both continued and got worse.

16. On one occasion, one of Plaintiff's coworkers brandished a firearm at Plaintiff, threatening him.

17. Plaintiff called the police and reported the incident to Human Resources. While Human Resources advised that it would handle the incident, it did nothing.

18. Moreover, the foreman of Plaintiff's team, Kurt (last name unknown), deliberately excluded Plaintiff from numerous team meetings and projects based on his race.

19. Based upon the foregoing, Plaintiff requested that Human Resources move him to a new team. Plaintiff's request was denied, and Plaintiff was informed that he could either work with the same team, or "go home."

20. Plaintiff informed Human Resources that he would elect to go home, feeling harassed and endangered by his coworkers' behavior.

21. Defendant's Human Resources informed Plaintiff that it would consider his decision to go home his resignation.

22. Plaintiff did not intend to resign his position with Defendant.

23. On information and belief, Defendant treated similarly situated employees of other racial backgrounds, including Latino-Americans and Plaintiff, in a different manner than it treated Caucasian employees.

**COUNT I**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

24. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 23 above as if reiterated herein.

25. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment due to his race, Hispanic.

26. During Plaintiff's employment with Defendant, he was subjected to racial discrimination in that Defendant permitted its other employees, including supervisors, to harass Plaintiff based on his race.

27. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents and/or authorized representatives of Defendant.

28. Defendant, through its employees, agents and/or authorized representatives, knew that its termination and discriminatory treatment of Plaintiff because of his race violated Title VII.

29. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of his race with respect to compensation, terms conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits and income that would have been received by him but for Defendant's unlawful and illegal discriminatory acts and practices.

30. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein, unless and until it is enjoined by the Court.

Wherefore, Plaintiff LUIS ROSADO, respectfully prays this Honorable Court enter judgment against Defendant, VERSALIFT EAST, LLC, as follows:

a. Declaring the Defendant's practices complained of herein unlawful and in violation of Title VII;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of race.

d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: /s/ Matthew R. Snyder

Matthew R. Snyder, Esq.
PA ID #335111
Todd M. Friedman, Esq.
PA ID # 310961
Law Offices of Todd M. Friedman, P.C.
606 Liberty Ave., Fl. 3
Pittsburgh, PA 15222
Phone: (323) 306-4234
msnyder@toddflaw.com
tfriedman@toddflaw.com